IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00916-BNB

DAVID K. JENNER,

    Plaintiff,

v.

CAPTAIN BRIGHTWELL, L.C.F., individual capacity,
SGT. WEST, C.C.F., individual capacity, and
UNKNOWN JOHN/JANE DOE DEFENDANTS, from Limon Correctional Facility,
    Centennial Correctional Facility, and Colorado Department of Corrections
    Offender Services, all in individual capacity,

    Defendants.

ORDER

This matter is before the court on the "Response to Order to Show Cause" (ECF No. 6) filed by Plaintiff, David K. Jenner. On April 8, 2014, the court ordered Mr. Jenner to show cause why the misjoined parties in this action should not be dismissed or the claims against them severed into separate lawsuits. For the reasons stated below, the claims asserted against the misjoined parties will be severed into separate lawsuits.

Mr. Jenner is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Jenner initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) asserting three claims for relief pursuant to 42 U.S.C. § 1983. He first claims that Defendant Brightwell retaliated against him in March 2013 by having him transferred from the Limon Correctional Facility to the Fremont Correctional Facility. Mr. Jenner specifically

claims that Defendant Brightwell retaliated against him because of a lawsuit Mr. Jenner had filed against Defendant Brightwell and others. *See Jenner v. Brightwell*, No. 11-cv-01497-RBJ-KMT (D. Colo. Apr. 24, 2013). Mr. Jenner's second claim is a retaliation claim asserted against Defendant West, who allegedly retaliated against Mr. Jenner in October 2013 by having him transferred from the incentive unit at the Centennial Correctional Facility to another prison facility. Mr. Jenner specifically claims that Defendant West retaliated against him because he filed an administrative grievance against Defendant West for allegedly confiscating his inmate mail in violation of the terms of a settlement agreement in *Jenner v. Bloor*, 03-cv-01344-MSK-CBS (D. Colo. July 31, 2007). In his third claim Mr. Jenner seeks damages based on the alleged breach of the terms of the settlement agreement in October 2013 and a declaration that the terms of the settlement agreement were breached. It appears that the third claim is asserted against Defendant West and other unidentified individuals at the Centennial Correctional Facility.

Pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." However, the issue of whether multiple Defendants may be joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides:

> (2) *Defendants*. Persons . . . may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

>   > transactions or occurrences; and
>   >
>   > (B) any question of law or fact common to all
>   > defendants will arise in the action.

Fed. R. Civ. P. 20(a).

Mr. Jenner argues in his response to the show cause order that all three claims properly are joined in one action because, in addition to Defendants Brightwell and West, he has named as Defendants a number of unidentified John and Jane Does who ultimately are responsible for all transfers of inmates within the DOC. Mr. Jenner contends that, because the John and Jane Doe Defendants acted in concert with Defendants Brightwell and West to retaliate against him, there is a question of law or fact common to all Defendants and the multiple acts of retaliation are a series of transactions or occurrences. Mr. Jenner alternatively asks the Court to sever his claims against Defendants Brightwell and West into separate actions.

The court is not persuaded by Mr. Jenner's argument that joinder of the named Defendants is appropriate in this action. Although the retaliation claims give rise to a question of law common to all Defendants, Mr. Jenner is not asserting any right to relief against all Defendants jointly, severally, or in the alternative and he fails to allege facts that demonstrate the distinct acts of retaliation occurring at two separate prisons arose out of the same series of transactions or occurrences.

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). However, "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21.

Instead, "'[t]o remedy misjoinder, . . . the court has two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately.'" *Nasious v. City and County of Denver*, 415 F. App'x 877, 881 (10th Cir. 2011) (quoting *DirecTV, Inc., v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006)).

The court will grant Mr. Jenner's alternative request to sever the first claim in the Prisoner Complaint against Defendant Brightwell and unidentified John and Jane Does from the second and third claims in the Prisoner Complaint against Defendant West and unidentified John and Jane Does. Therefore, the clerk of the court will be directed to sever those claims and commence one new lawsuit. The Defendants in the new lawsuit will be Defendant West and unidentified John and Jane Does. In order to preserve the filing date of the Prisoner Complaint, the court will direct that a copy of this order and a copy of the Prisoner Complaint (ECF No. 1) be filed in the new action that is opened. In order to avoid any confusion regarding the specific claims being asserted in each action, Mr. Jenner will be directed in a future order in each of his actions to file an amended pleading that raises only the claims he is asserting against the Defendants in that action. Mr. Jenner also will be directed to pay the filing fee in the new action in accordance with 28 U.S.C. § 1915. The orders will be issued after the new case is opened and a new civil action number is assigned. Accordingly, it is

ORDERED that the Order to Show Cause (ECF No. 5) is discharged. It is

FURTHER ORDERED that the clerk of the court commence one new civil action and file in the new civil action a copy of this order and a copy of the Prisoner Complaint (ECF No. 1) filed in this action. It is

FURTHER ORDERED that the clerk of the court list the following parties as Defendants in the new civil action: Sgt. West, and Unknown John/Jane Doe Defendants from Centennial Correctional Facility and Colorado Department of Corrections Offender Services.  It is

FURTHER ORDERED that the following Defendants be terminated as parties to this action because the claims against them are being severed: Sgt. West, and Unknown John/Jane Doe Defendants from Centennial Correctional Facility .

DATED April 21, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge