IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00916-BNB

DAVID K. JENNER,

    Plaintiff,

v.

CAPTAIN BRIGHTWELL, L.C.F., individual capacity, and
UNKNOWN JOHN/JANE DOE DEFENDANTS, from Limon Correctional Facility and
    Colorado Department of Corrections Offender Services, all in individual capacity,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, David K. Jenner, initiated this action by filing a *pro se* Prisoner Complaint (ECF No. 1) raising three claims for relief. On April 21, 2014, the court entered an order severing the claims against misjoined Defendants. As a result, two of the three claims in the Prisoner Complaint have been severed from this action. In order to avoid any confusion regarding the remaining claim in this action and the specific relief Mr. Jenner seeks with respect to that claim, Mr. Jenner will be directed to file an amended complaint limited to the claim he is asserting against the remaining Defendants.

Mr. Jenner must provide a short and plain statement of his claim showing he is entitled to relief as required pursuant to Rule 8 of the Federal Rules of Civil Procedure. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each

defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"); *see also Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential"). To state a cognizable retaliation claim Mr. Jenner must allege specific facts that demonstrate the "alleged retaliatory motives were the 'but for' cause of the defendants' actions." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998); *see also Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (discussing elements of a constitutional retaliation claim). With respect to Mr. Jenner's allegations of a conspiracy, he "must allege specific facts showing an agreement and concerted action because conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Brooks v. Gaenzle*, 614 F.3d 1213, 1228 (10th Cir. 2010) (internal quotation marks and alteration omitted).

Finally, Mr. Jenner may use fictitious names, such as John and Jane Doe, if he does not know the real names of the individuals he is suing, but he still must make clear how many John and Jane Does he is suing and he must provide sufficient information about each defendant so that he or she can be identified for purposes of service. Mr. Jenner also must provide an address where each Defendant may be served. Accordingly, it is

ORDERED that Mr. Jenner file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order. It is

FURTHER ORDERED that Mr. Jenner shall obtain the appropriate court-approved Prisoner Complaint form, along with the applicable instructions, at

www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Jenner fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED April 23, 2014, at Denver, Colorado.

                                                BY THE COURT:

                                                s/ Boyd N. Boland
                                                United States Magistrate Judge