IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-00916-RBJ -KMT

DAVID K. JENNER,

    Plaintiff,

v.

CAPTAIN DON BRIGHTWELL,
ASSISTANT ATT. GENERAL JACQUELYNN N. RICH FREDERICKS,
JOHN/JANE DOE #1 (Limon Correctional Facility Staff),
JOHN/JANE DOE #2 (Limon Correctional Facility Staff), and
JOHN/JANE DOE #3 (C.D.O.C. Offender Services),

    Defendants.

---

## ORDER

---

This matter is before the Court on defendants Captain Don Brightwell and Assistant
Attorney General Jacquelynn Rich Fredericks' motion to dismiss [ECF No. 35] and the
recommendation of Magistrate Judge Kathleen M. Tafoya [ECF No. 44] that the Court partially
grant and partially deny the motion. The recommendation is incorporated herein by reference.
*See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). This matter is also before the Court on
Assistant Attorney General Rich Fredericks' motion for a protective order and to stay discovery
[ECF No. 49].

The recommendation advised the parties that specific written objections were due within
fourteen (14) days after being served with a copy of the recommendation. ECF No. 44 at 14–15.
In response to plaintiff's request, this Court extended the objections deadline to March 25, 2016.
ECF No. 47. Plaintiff filed timely objections. ECF No. 48. Defendants did not file objections.

1

The Court has reviewed all of the relevant pleadings and Magistrate Judge Tafoya's Recommendation. Following its review, the Court adopts the Recommendation. In doing so, the Court moots the motion to stay discovery.

## BACKGROUND

Plaintiff David Jenner is in the custody of the Colorado Department of Corrections (CDOC), and he is presently housed at Fremont Correctional Facility (FCF). ECF No. 34 at 2. Defendants are Captain Don Brightwell in his individual capacity, Assistant Attorney General (AAG) Jacquelynn N. Rich Fredericks in her individual capacity, an unnamed employee of CDOC Offender Services, and two unnamed individuals on the staff of the Limon Correctional Facility (LCF). ECF No. 34 at 1. For the purposes of this order, the Court will refer to AAG Rich Fredericks and Captain Brightwell collectively as "defendants."

In June 2011, Jenner filed suit in this Court, asserting a retaliation claim, a First Amendment claim, and a claim under the Religious Land Use and Institutionalized Person's Act (RLUIPA). *Id.; see also* Case No. 11-cv-001497-RBJ-KMT, ECF No. 1. The Court will refer to this matter as the "underlying action." At the summary judgment stage, the Court dismissed Jenner's retaliation claim, and his First Amendment and RLUIPA claims proceeded to trial on March 18, 2013. ECF No. 34 at 4–5; *see also*, Case No. 11-cv-001497-RBJ-KMT, ECF Nos. 89, 103.

At the time, Jenner was housed at LCF. About a month prior to the March 2013 trial, Jenner met with his case manager Shelley Cadwallader. Cadwallader and Jenner discussed a few issues, including CDOC's "new classification system." ECF No. 34 at 5. Classification, in part, determines an inmate's custody level within CDOC. *Id.* Cadwallader told Jenner that he "wasn't due" to be transferred, but that "she would go ahead and reclassify him." *Id.* A hearing

was held to consider his reclassification, and it was recommended that Jenner remain at LCF.  *Id.*
Jenner signed the reclassification paperwork with the "understanding that he would be retained"
at LCF.  *Id.*

Following the reclassification hearing, the paperwork was given to Captain Brightwell.  It
is Captain Brightwell's responsibility to review all classifications.  *Id.*  Jenner claims that
Captain Brightwell began the process of transferring Jenner from LCF to FCF despite the
recommendation that he stay at LCF.  *Id.*  Jenner alleges that his "reclassification was changed to
an immediate transfer" to FCF.  *Id.*  Plaintiff alternatively alleges that CDOC Offender Services
contacted Captain Brightwell to suggest the transfer.  *Id.*  It is Jenner's theory that defendants
initiated the transfer so as to allow them to move to dismiss Jenner's First Amendment and
RLUIPA claims as moot.  *Id.* at 4.  Jenner claims that AAG Rich Fredericks, who represented the
CDOC defendants in the underlying action, was also involved in the attempt to transfer him from
LCF to FCF.  *Id.* at 4, 5.

The transfer was approved, but it was delayed by a few weeks to permit Jenner to attend a
final pretrial conference, which was scheduled for February 24, 2013.  *Id.* at 5.  CDOC
transferred Jenner on March 4, 2013.  Plaintiff claims that his personal property, including his
legal documents like his pleadings, was destroyed during the transfer.  *Id.* at 4, 5, 6, 7–8.

On the same day as the transfer, AAG Rich Fredericks filed a motion to dismiss the
underlying action, claiming that it was now moot.  Case No. 11-cv-001497-RBJ-KMT, ECF No.
136.  The Court denied that motion to dismiss and subsequently held a four-day bench trial.
Case No. 11-cv-001497-RBJ-KMT, ECF Nos. 140, 144–48.  At the end of trial, the Court
discussed Jenner's transfer to FCF and its implications for the underlying action, but ultimately
the Court ruled in defendants' favor on the substantive claims.  Case No. 11-cv-001497-RBJ-

KMT; ECF Nos. 153, 155 at 12:12-13:7.  Judgment entered against Jenner and in favor of defendants on April 24, 2013.  Case No. 11-cv-001497-RBJ-KMT, ECF No. 154.

Jenner initiated the current action on March 28, 2014.  He amended his complaint on May 5, 2014.  Defendants moved to dismiss his First Amended Complaint.  Magistrate Judge Tafoya recommended granting the motion to dismiss, but suggested that Jenner have the opportunity to amend his pleading.  ECF Nos. 17, 27, 29.  This Court adopted the Magistrate Judge's recommendation and dismissed the First Amended Complaint on March 6, 2015.  ECF No. 29.  On April 9, 2015 Jenner filed his Second Amended Complaint, which is the operative complaint.  ECF No. 34.  He brings one claim for retaliation in violation of the First Amendment pursuant to 42 U.S.C. § 1983.  ECF No. 34 at 5–6.  His theory is that defendants transferred him to FCF and destroyed his property in retaliation for his filing suit in the underlying action.  Defendants Captain Brightwell and AAG Rich Fredericks filed the present motion to dismiss on April 23, 2015.  ECF No. 35.

## ANALYSIS

### I.    Standard of Review.

Following the issuance of a magistrate judge's recommendation on a dispositive matter, the district court judge must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).

To survive a 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210

(10th Cir. 2002), purely conclusory allegations are not entitled to be presumed true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).  However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard.  *See, e.g.*, *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

When he filed the Second Amended Complaint, Jenner was proceeding pro se.  He is now represented by counsel.  When a case involves a pro se party, courts will "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys."  *Trackwell v. U.S. Government*, 472 F.3d 1242, 1243 (10th Cir. 2007).  However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A broad reading of a pro se plaintiff's pleadings "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based . . . conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Id.*  Pro se parties must "follow the same rules of procedure that govern other litigants."  *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotations and citations omitted).

## II.    Defendants' Motion to Dismiss Jenner's Retaliation Claim.

As Magistrate Judge Tafoya recognizes, access to the courts is a constitutional right. *Nordgren v. Miliken*, 762 F.2d 851, 853 (10th Cir. 1985).  "It is well settled that prison officials may not unreasonably hamper inmates in gaining access to the courts."  *Evans v. Moseley*, 455 P.2d 1084 (10th Cir. 1972).  Prison officials cannot retaliate against an inmate "because of the inmate's exercise of his right of access to the courts."  *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (internal citation omitted).  To state a § 1983 claim for retaliation, a plaintiff

must allege (1) that he engaged in constitutionally protected activity; (2) but, because of the defendant's actions, he suffered an injury that would "chill a person of ordinary firmness from continuing to engage in that activity;" and (3) defendant's action was "substantially motivated as a response" to the exercise of the constitutionally protected activity. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007). Whether the retaliatory conduct would have a chilling effect on the defendant's exercise of the protected activity is an objective determination. *Id.*

As a prerequisite to his § 1983 claim, Jenner must first allege that the defendants personally participated in the alleged constitutional violation. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 768 (10th Cir. 2013) (internal citation omitted). There is no vicarious liability in § 1983 suits, so "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Alternatively a plaintiff may establish personal involvement through allegations of a causal connection between the alleged violation and the defendant's actions. "The requisite causal connection is satisfied if the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of her constitutional rights." *Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990).

Jenner's theory is that defendants retaliated against him "for having filed in court and actually made it to trial" in the underlying action. ECF No. 34 at 5. He claims that immediately before trial, defendants "worked together" to transfer Jenner from LCF to FCF in order to "fashion a remedy which would allow for dismissal of Mr. Jenner's legal action in this Court[.]" *Id.* at 4, 5. Jenner alleges that his transfer was not routine as he was "not due to be transferred

and there was no cause for him to be transferred given the length of the sentence." *Id.* at 6.  He

also claims that the defendants "set in motion" the circumstances that led to the destruction of his

property during the transfer.  *Id.* at 5.

Defendants move to dismiss, arguing that Jenner fails to state a claim.  Specifically,

defendants argue that Jenner's pleadings are insufficient because defendants (1) did not have the

requisite personal involvement in the transfer or destruction of his property to support a claim

under § 1983; (2) the transfer would not chill a person of ordinary firmness because FCF is a less

secure facility than LCF; and (3) Jenner fails to establish that "but for" defendants' "retaliatory

motive," the events would not have taken place.  ECF No. 35 at 5–11.

### A) Defendant Captain Brightwell

Magistrate Judge Tafoya recommends that this Court deny defendants' motion to dismiss

as against Captain Brightwell.  Magistrate Judge Tafoya finds that (1) Jenner alleged sufficient

facts to make it plausible that Captain Brightwell was personally involved in the transfer; (2)

Jenner "has alleged sufficient injury to dissuade a person of reasonable firmness from filing

future lawsuits[;]" and (3) Jenner alleges enough facts to make it plausible that his transfer was

"substantially motivated by his lawsuit."  ECF No. 44 at 9–14.

Neither party objected to this portion of Magistrate Judge Tafoya's Recommendation.

ECF No. 48.  If a party does not properly object to a section of the Magistrate Judge's

conclusion, "the district court may review a magistrate . . . [judge's] report under any standard it

deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v.

Arn,* 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to

require district court review of a magistrate's factual or legal conclusions, under a de novo or any

other standard, when neither party objects to those findings")).

7

I have reviewed the relevant pleadings on this issue, and I conclude that "there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note. The Court adopts Magistrate Judge Tafoya's recommendation and denies the motion to dismiss as to Jenner's claim as against Captain Brightwell.

### B) Defendant AAG Rich Fredericks

Magistrate Judge Tafoya concludes that Jenner has "not alleged sufficient facts to support his claim that Defendant Rich Fredericks participated in his transfer." ECF No. 44 at 9. Therefore, she recommends dismissing Jenner's claims as against AAG Rich Fredericks. *Id.* at 14. Plaintiff filed a timely and specific objection to this aspect of Magistrate Judge Tafoya's recommendation. ECF No. 48 at 4–8. Following my de novo review, I adopt the Magistrate Judge's recommendation and dismiss plaintiff's claims against AAG Rich Fredericks.

Regarding AAG Rich Fredericks' participation in his transfer, Jenner's Complaint alleges the following:

> [He] believes and will show that Defendant Brightwell and Rich-Fredericks worked together [] to have him transferred from LCF to FCF, as a result of him having a trial date set in [the underlying action]. Moreover, minimally Defendant Brightwell and Rich-Fredericks set in motion a series of events designed to have [Jenner's] property destroyed and for him to be persecuted for having filed in court and actually made it to trial.

ECF No. 34 at 5.

Jenner clarifies that he is not basing his allegations on AAG Rich Fredericks' role as attorney for the defendants in the underlying action. ECF No. 34 at 8. Rather, he alleges that she participated "in the retaliatory action of having Mr. Jenner transferred," and that action was "outside the scope of her duties[.]" *Id.* He attests that the AAG Rich Fredericks helped to design the transfer as a way to "avoid trial" in the underlying action and to "dissuade Mr. Jenner from taking further legal actions" against CDOC. *Id.* at 6, 8. Additionally, plaintiff alleges that AAG

Rich Fredericks had knowledge of the transfer, as she "announced to this Court that CDOC intended to transfer Mr. Jenner." *Id.* at 5.

Plaintiff's objections also focus on the temporal proximity of Jenner's transfer to the filing of the motion to dismiss as evidence that the "transfer was retaliatory in nature." ECF No. 48 at 6. Jenner claims that the close timing "supports the inference that the transfer was a coordinated effort between Defendant Rich-Fredericks and CDOC, including Defendant Brightwell[.]" *Id.* at 7. Additionally, plaintiff attests that AAG Rich Fredericks "knew about the transfer before even Mr. Jenner did," and that this also "gives rise to the inference that there was a connection between Defendant Rich-Fredericks' presentation of the defense in the Underlying Action and the transfer." *Id.* Plaintiff claims that, given the normal job responsibilities of an AAG, there is "no reason that Defendant Rich-Fredericks should have known about Mr. Jenner's transfer[.]" *Id.*

Jenner maintains that the Court must accept as true his allegations that AAG Rich Fredericks was personally involved in the transfer. ECF No. 41 at 9, 12. However, as Magistrate Judge Tafoya notes, the Court must only take specific factual allegations—not conclusory statements—as true. *Iqbal*, 556 U.S. at 681 (purely conclusory allegations are not entitled to be presumed true). Jenner's specific factual allegations regarding AAG Rich Fredericks concern (1) her knowledge of the transfer, and (2) the temporal proximity between the transfer and the motion to dismiss. These factual allegations are not sufficient to survive the motion to dismiss. First, the Court cannot infer from AAG Rich Fredericks' knowledge of the transfer that she was personally involved in its coordination. As the attorney for the defendants in the underlying action, it is not surprising that AAG Rich Fredericks knew that her clients intended to transfer Jenner to FCF. Second, in the absence of factual support, the timing of the

transfer does not plausibly demonstrate how AAG Rich Fredericks was personally involved in bringing about the transfer. The Tenth Circuit has held that "temporal proximity between an alleged exercise of one's right of access to the courts and some form of jailhouse discipline does not constitute sufficient circumstantial proof of retaliatory motive to state a claim" without sufficient factual allegations to support it. *Friedman v. Kennard*, 248 F.App'x. 918, 922 (10th Cir. 2007) (unpublished).

In sum, Jenner's Complaint is devoid of specific facts from which the Court could infer that AAG Rich Fredericks was personally involved in the alleged constitutional violation. Even when taking his allegations as true and construing them in his favor, I find that Jenner has not raised his claims above the speculative level. As I agree with Magistrate Judge Tafoya that Jenner's allegations are insufficient to establish the personal participation prong, I need not proceed to the remaining components of a retaliation claim.

### III.   AAG Rich Fredericks' Motion for Protective Order and to Stay Discovery.

On March 28, 2016, AAG Rich Fredericks filed a motion for a protective order and to stay discovery. ECF No. 49. She "moves for a protective order staying all disclosures and discovery from her until" the Court adopts or rejects Magistrate Judge Tafoya's recommendation. *Id.* at 1. Because the Court adopts the Magistrate Judge's recommendation and grants the motion to dismiss as to AAG Rich Fredericks, the motion is rendered moot.

### ORDER

For the reasons described above, the Court ADOPTS the United States Magistrate Judge's Recommendation [ECF No. 44] and GRANTS IN PART and DENIES IN PART defendants' motion to dismiss [ECF No. 34]. The motion to dismiss as against Captain Brightwell is denied, and the motion to dismiss as against Assistant Attorney General Rich

Fredericks is granted.  The motion for protective order and to stay discovery [ECF No. 49] is

DENIED as MOOT.

DATED this 29th day of March, 2016.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge